UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LISA LIPTON,

    Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
_____)

The Plaintiff, Lisa Lipton ("LIPTON"), by and through the undersigned counsel, hereby sues The Lincoln National Life Insurance Company ("LINCOLN") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     LIPTON was at all times relevant a plan participant under the Ben-Ezra & Katz PA Long Term Disability Plan, Group No.: 000010101604000000 ("LTD" Plan).[1] The final denial of benefits occurred within the jurisdiction of this Court.

---

[1] A copy of the LTD Plan is attached hereto as Exibit "A."

3. Defendant, LINCOLN, is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINCOLN is the insurer of benefits under the Ben-Ezra & Katz PA LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINCOLN LTD Plan are employee welfare benefit plans regulated by ERISA, established by Ben-Ezra & Katz PA under which LIPTON was a participant, and pursuant to which LIPTON is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, LIPTON is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as LIPTON remains disabled as required under the terms and conditions of the LTD plan.

5. At all times relevant to the facts of this case LIPTON was, and remains, a resident of Miami-Dade County.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. LIPTON incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, LIPTON was an employee or former employee of Ben-Ezra & Katz PA and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of LIPTON's employment, LIPTON became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while LIPTON was covered under the LTD Plan, LIPTON suffered a disability, which due to the privacy of same

will not be discussed herein as it is discussed in great detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

9. LTD Plan defines Totally Disabled or Total Disability as Totally Disabled or Totally disabled is defined to mean that (1) during the Elimination Period and Own Occupation Period; it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation. (2) After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation for which his or her training, education or experience will reasonably allow.

10. Per the LTD Plan, LIPTON's definition of disability relates solely to the ability to perform each of the Main Duties of her Own Occupation as a Managing Title Attorney.

11. The Policy defines Main Duties or Material and Substantial Duties means those job tasks that (1) are normally required to perform the Insured's Own Occupation; and (2) could not reasonably be modified or omitted. To determine whether a job task could reasonably be modified or omitted, the Company will apply the Americans with Disabilities Act's standards concerning reasonable accommodation. It will apply the Act's standards whether or not: (1) the Employer is subject to the Act; or (2) the insured employee has requested such a job accommodation. An Employer's failure to modify or omit other job tasks does not render the Insured Employee unable to perform the Main Duties of the Job. Main Duties include those job tasks: (1) as described in the U.S. Department of Labor Dictionary of Occupational Titles; and (2) as performed in the general labor market and national economy. Major Duties are not limited to those specific job tasks as performed for a certain firm or at a certain work site.

12. Per the Policy, Own Occupation or Regular Occupation means the occupation,

trade or profession (1) in which the Insured Employee was employed with the Employer prior to Disability; and (2) which was his or her main source of earned income prior to Disability. It means the collective description of related jobs, as defined by the U.S. Department of Labor Dictionary of Occupational Titles. It includes any work in the same occupation for pay or profit regardless of: (1) whether such work is with the Employer, with some other firm, or on a self-employed basis; or (2) whether a suitable opening is currently available with the Employer or in the local labor market

13. Pursuant to the terms of the LTD Plan, LIPTON made a claim to LINCOLN for benefits under the LTD Plan, with an effective date of disability of November 9, 2010.

14. Following the Elimination Period, LTD Benefits became payable on February 6, 2011.

15. LINCOLN initially issued LTD Benefits to LIPTON until November 11, 2011, when LINCOLN advised LIPTON that she no longer met the definition of disability.

16. LIPTON appealed the denial of benefits on December 7, 2011.

17. LINCOLN upheld its denial of benefits February 12, 2012.

18. LIPTON filed her mandatory second appeal to the denial of benefits on August 3, 2012.

19. On October 17, 2012, LINCOLN advised LIPTON that it was overturning the denial of her benefits and was placing her back on claim.

20. While on claim LIPTON was awarded Social Security Disability benefits on March 17, 2014.

21. On September 11, 2015, LINCOLN had LIPTON undergo an Independent Medical Examination, the nature and sufficiency of which was strongly contested by LIPTON

prior to the denial of benefits.

22. The IME doctor determined that LIPTON did not have any restrictions and limitations that would have ever prevented her from performing her duties as a Managing Title Attorney, despite the fact that LINCOLN had paid the claim since 2011 and had determined LIPTON to be disabled throughout the period of February 2011 to September 2015.

23. On September 30, 2015, LINCOLN advised LIPTON it was terminating her claim for benefits based on the findings in the IME report.

24. On March 28, 2016, LIPTON submitted an appeal of this denial and provided additional medical evidence of her inability to perform the main duties of her occupation to include a Functional Capacity Evaluation related to her medical condition.

25. LIPTON also argued that LINCOLN was improperly classifying her occupational duties and in support of her appeal provided an Occupational Analysis conducted by an occupational expert.

26. On May 10, 2016, despite the information provided as to LIPTON's entitlement to continued benefits, LINCOLN upheld the denial of LIPTON's claim.

27. On September 8, 2016, LIPTON filed her mandatory second appeal of the denial of benefits and provided LINCOLN with additional records and an attending physician's statement from her treating physician.

28. On October 17, 2016, following the review of LIPTON's appeal by a "health professional" LINCOLN advised LIPTON it was upholding the denial of her claim for LTD benefits.

29. LIPTON has exhausted all administrative remedies.

30. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to LIPTON at a time when LINCOLN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as LIPTON was disabled and unable to work and therefore entitled to benefits.

    b. After LIPTON's claim was denied in whole or in part, LINCOLN failed to adequately describe to LIPTON any additional material or information necessary for LIPTON to perfect her claim along with an explanation of why such material is or was necessary.

    c. LINCOLN failed to properly and adequately investigate the merits of LIPTON's disability claim and failed to provide a full and fair review of LIPTON's claim.

31. LIPTON believes and alleges that LINCOLN wrongfully denied her claim for LTD benefits under the LTD Plan by other acts or omissions of which LIPTON is presently unaware, but which may be discovered in this future litigation and which LIPTON will immediately make LINCOLN aware of once said acts or omissions are discovered by LIPTON.

32. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, LIPTON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

33. As a further direct and proximate result of this improper determination regarding LIPTON's claims for benefits, LIPTON, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LIPTON is entitled to have such fees and costs paid by LINCOLN.

34. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, LIPTON is entitled to enforce her rights under the terms of her LTD Plan and to

clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Lisa Lipton prays for relief against The Lincoln National Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 3, 2016

                                                   ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

  /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com